UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BOB MINOR,
an individual,

    Plaintiff,

vs.                                              CASE NO:

JIM & JIM'S BODY SHOP, INC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, BOB MINOR ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues JIM & JIM'S BODY SHOP, INC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the

Northern District of Alabama.

3.      Plaintiff, BOB MINOR (hereinafter referred to as "MINOR") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. MINOR suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he is 84 years old and through a combination of age, arthritis and complications following a stroke, Mr. Minor requires a walker for mobility and has limited use of his upper extremities.  Prior to instituting the instant action, MINOR visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA.  MINOR continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, JIM & JIM'S BODY SHOP, INC, is a corporation registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief, JIM & JIM'S BODY SHOP, INC, (hereinafter referred to as "JJBS") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically Jim & Jim's Body Shop located at 1722 27th Ct South, Birmingham, Alabama (hereinafter referred to as the "Body Shop").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Body Shop owned and/or operated by JJBS is a place of public accommodation in that it is a service establishment operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the JJBS in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Body Shop owned by JJBS. Prior to the filing of this lawsuit, Plaintiff visited the Body Shop at issue in this lawsuit

and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the specific barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. Plaintiff was unable to enter the Body Shop with his walker due to the narrow entry door. In addition, Plaintiff continues to desire and intends to visit the Body Shop, but continues to be injured in that he is unable to safely do so and continues to be discriminated against due to the barriers to access that remain at the Body Shop in violation of the ADA. MINOR has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. JJBS is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i)    There is no accessible parking provided;

    (ii)    The main entry is two steps above the level of the front parking area;

    (iii)    There is no level landing in front of the entry door;

    (iv)    The entry door is too narrow;

    (v)    There is no accessible route from the main office to the restroom;

    (vi)    The restroom has a raised floor of approximately 8 inches;

    (vii)    There is insufficient maneuvering clearance at the water closet;

    (viii)    There are no grab bars at the water closet.

12. There are other current barriers to access and violations of the ADA at the Body Shop owned and operated by JJBS that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, JJBS was required to make its Body Shop, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, JJBS has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's

fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against JJBS and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 28th day of April, 2017.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
      Edward I. Zwilling, Esq.
      Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:  (205) 822-2701
Facsimile:   (205) 822-2702
Email: ezwilling@szalaw.com